IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICKI L. IVERSON and JEFFREY IVERSON,

                        Plaintiffs,

  v.                                                      OPINION & ORDER

SMITH & NEPHEW, INC.,                        15-cv-219-jdp

                        Defendant.

---

Plaintiffs Vicki and Jeffrey Iverson filed this products liability lawsuit against defendant Smith & Nephew, Inc. They allege that a product that Smith & Nephew manufactures, the Birmingham Hip Resurfacing (BHR) implant, is defective and caused Vicki injury. However, the Iversons failed to disclose their expert witnesses or to respond to motions to compel after several opportunities to do so. As a result, the court has precluded them from presenting expert testimony under Federal Rule of Civil Procedure 37. Dkt. 15.

Smith & Nephew have now moved for summary judgment, Dkt. 16, and the Iversons have again failed to respond. Therefore, the court will grant the unopposed motion and close this case.

## UNDISPUTED FACTS

The following facts are drawn from Smith & Nephew's undisputed proposed findings of fact. Dkt. 18.

In 2008, Vicki Iverson had hip resurfacing surgery involving a BHR implant, a metal-on-metal hip implant manufactured by Smith & Nephew.  Two years later, she began having pain in the joint. She eventually had the device removed and replaced with another device.

The Iversons sued Smith & Nephew for manufacturing defect, alleging that Smith & Nephew failed to comply with the specifications set forth during its 2005-2006 pre-market approval process with the United States Food and Drug Administration. They also alleged negligence, failure to warn, and loss of consortium.

The parties are diverse and the amount in controversy exceeds $75,000, so the Iversons claimed subject matter jurisdiction under 28 U.S.C. § 1332. However, Smith & Nephew claim that the Iversons' state law claims are preempted by the federal Medical Device Amendments to the Food Drug and Cosmetic Act, 21 U.S.C. § 360e, giving the court jurisdiction under 28 U.S.C. § 1331. The court has jurisdiction either way.

ANALYSIS

Smith & Nephew have moved for summary judgment. To survive the motion, the Iversons "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). They may not simply rely on the allegations in the pleadings to create such a dispute, but must "demonstrate that the record, taken as a whole, could permit a rational finder of fact to rule in [their] favor." *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). The Iversons have failed to do so.

This case involves complex issues about a medical device that are well outside the knowledge or experience of a lay person. To succeed on their claims that the BHR implant was defective, under state or federal law, the Iversons would need expert testimony. However, they failed to timely disclose their expert witnesses or to respond to Smith & Nephew's motion to compel that disclosure. Dkt. 15. But even if the Iversons could prevail on their claims without expert testimony, they have failed to present *any* evidence, or even any

argument in support of their case. Accordingly, Smith & Nephew's motion for summary judgment is completely unopposed and will be granted.

ORDER

IT IS ORDERED that defendant Smith & Nephew, Inc.'s motion for summary judgment, Dkt. 16, is GRANTED. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered August 1, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge